IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THERESA BEARDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-01204-E |
| | § | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, RURAL HOUSING SERVICE; and USDA RURAL DEVELOPMENT, its/their successors and/or assigns, | § § § § § | |
| | § | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' United States Department of Agriculture, Rural Housing Service; and USDA Rural Deveopment, its/their successors and/or assigns (collectively "USDA") Motion to Dismiss. (ECF No. 5). Plaintiff Theresa Bearden asserts various claims against two federal agencies within the Department of Agriculture. USDA seeks dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction. For the reasons enumerated below, the Court **GRANTS** USDA's Motion.

**I.   BACKGROUND**

This is a dispute involving real property foreclosure. On April 28, 2023, Bearden initiated this action in state court alleging USDA never provided her with any notice of default and opportunity to cure before initiating foreclosure proceedings on her homestead. (ECF No. 1-5 at 6). Bearden had received a USDA loan on her homestead, which was secured by a deed of trust. (ECF No. 1-5 at 3-4). Bearden alleges she experienced financial difficulties, which resulted in her filing a Chapter 13 Bankruptcy. (ECF No. 1-5 at 4). As alleged, USDA failed to provide Bearden

with any possible loss mitigation options when requested by Bearden, and eventually Bearden stopped receiving any information concerning her loan. (ECF No. 1-5 at 4-5). Allegedly, after Bearden contacted USDA for a reinstatement quote to complete her application for a Texas homeowner's assistance program, USDA informed her that her loan could no longer be reinstated and her only option was to pay the loan in full. (ECF No. 1-5 at 5-6). Subsequently, around March 2023, USDA informed Bearden that her home was scheduled for foreclosure sale. (ECF No. 1-5 at 6). Allegedly, USDA never provided Bearden with any Notice of Default and Opportunity to Cure as expressly required of the Deed of Trust and Texas Property Code § 51.002(d). (ECF No. 1-5 at 6).

On May 5, 2023, USDA timely removed this case to the Court. (ECF No. 1). Bearden proceeds on her state court petition, which alleges claims of: (1) trespass to try title; (2) breach of contract and failure of condition precedent; (3) violations of the Texas Debt Collection Act; and (4) negligent misrepresentation.

On May 31, 2023, USDA moved to dismiss all of Bearden's claims pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 5 at 2). Bearden filed a motion for extension of time to file response on June 20, 2023. (ECF No. 8). The Court granted Bearden's motion for extension of time on June 21, 2023, thereby extending Bearden's time for response to July 5, 2023. (ECF No. 10). However, Bearden failed to file any response. USDA's motion to dismiss is ripe for consideration.

## II.  LEGAL STANDARD

A district court properly dismisses a claim for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1) if the court "lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss.*

*Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 191 (5th Cir. 2001). A court may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### III.   ANALYSIS

#### A. Claim Abandonment

Northern District of Texas Local Civil Rule 7.1(e) instructs that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." N.D. Tex. Loc. Civ. R. 7.1(e). A party who fails to pursue a claim beyond its initial pleading may waive or abandon the claim. *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff] further failed to defend her retaliatory abandonment claim in both responses to the defendant's motion to dismiss."). Thus, a party's failure to defend a claim in her response to a motion to dismiss constitutes abandonment. *See Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (concluding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment) (citing *Black*, 461 F.3d at 588 n.1); *see, e.g.*, *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001) (discussing abandonment of theories of recovery and defenses when such theories were not presented to the trial court).

Here, Bearden failed to respond to USDA's motion to dismiss; more than 21 days have passed since the date USDA filed its motion to dismiss. *See* N.D. Tex. Loc. Civ. R. 7.1(e). Although Bearden filed a motion for extension of time to file response to USDA's motion to dismiss, which was granted and allowed Bearden until July 5, 2023, to file her response—Bearden

never filed any response. (ECF Nos. 8, 10). Because Bearden wholly failed to respond to USDA's challenge to subject-matter jurisdiction on all her claims, the Court concludes Bearden has abandoned all her claims. *See Black*, 461 F.3d at 588 n.1; *Matter of Dallas Roadster, Ltd.*, 846 F.3d at 126; *Vela*, 276 F.3d at 678-79.[1] Thus, the Court GRANTS USDA's Motion to Dismiss.

### B. Lack of Subject-Matter Jurisdiction

Notwithstanding Bearden's abandonment discussed above, USDA argues that Bearden lacks subject-matter jurisdiction as Bearden has not identified any waiver of sovereign immunity that would permit suit against the government. The government may only be sued to the extent it has waived sovereign immunity. *Davis v. United States*, 961 F.2d 53, 56 (5th Cir. 1991). "In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity." *Lewis v. Hunt,* 492 F.3d 565, 570 (5th Cir. 2007); *see Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) ("Plaintiff[s] bear [ ] the burden of showing Congress's unequivocal waiver of sovereign immunity.") (internal quotation and citation omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *Lewis,* 492 F.3d at 570 (quoting *Lane v. Pena,* 518 U.S. 187, 192 (1996)). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lewis,* 492 F.3d at 570 (quoting *Lane,* 518 U.S. at 192). "A statute's legislative history cannot supply a waiver that does

---

[1] *See also, e.g., JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court.") (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)) (citations omitted); *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (citations omitted); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

not appear clearly in any statutory text." *Lane,* 518 U.S. at 192. "Absent a waiver of sovereign immunity, the federal government is immune from suit." *Lewis,* 492 F.3d at 571 (citing *Loeffler v. Frank,* 486 U.S. 549, 554 (1988)).

In her Original Petition, (ECF No. 1-5), Bearden fails to identify any waiver of immunity by the government. Because (1) the burden of showing a valid waiver of sovereign immunity falls on the plaintiff—Bearden—and (2) she has not met her burden, the Court must conclude that USDA is immune from suit. *See Lewis*, 492 F.3d at 570; *Freeman*, 556 F.3d at 343. The Court lacks subject-matter jurisdiction. Thus, the Court GRANTS USDA's Motion to Dismiss. *See, e.g., Freeman*, 556 F.3d at 343 (affirming dismissal of certain negligence claims relating to nondiscretionary duties).

## IV. CONCLUSION

For the reasons enumerated above, Plaintiff Bearden's claims are DISMISSED without prejudice.

**SO ORDERED:** October 2, 2023.

Ada E. Brown
UNITED STATES DISTRICT JUDGE